**UNITED STATES COURT OF APPEALS**   April 27, 2009

**FOR THE TENTH CIRCUIT**

EVYNA HALIM;
MICKO ANDEREAS;
KEINADA ANDEREAS,

　　　　　Petitioners,

v.

ERIC H. HOLDER, JR.,[*]
United States Attorney General,

　　　　　Respondent.

No. 08-9551
(Petition for Review)

**ORDER AND JUDGMENT**[**]

Before **BRISCOE, BALDOCK,** and **HOLMES**, Circuit Judges.

　　　Petitioners, Chinese Christian natives and citizens of Indonesia, petition for

review of the Board of Immigration Appeals' (BIA) decision affirming the

immigration judge's (IJ) denial of lead petitioner Evyna Halim's applications for

---

[*]　　　Pursuant to Fed. R. App. P. 43(c)(2), Eric H. Holder, Jr. is substituted for
Michael B. Mukasey as the respondent in this appeal.

[**]　　　After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

asylum, restriction on removal, and relief under the Convention Against Torture (CAT). We have jurisdiction to consider the petition under 8 U.S.C. § 1252(a).[1] For the following reasons, we deny the petition.

## BACKGROUND

Petitioners are wife (Ms. Halim), husband (Mr. Andereas), and child (Keinada). Ms. Halim is the lead respondent, with Mr. Andereas and Keinada being derivative applicants.[2] Both Ms. Halim and Mr. Andereas come from Chinese Christian Indonesian families. They are educated professionals, with Ms. Halim working in Indonesia as an auditor until she had Keinada and Mr. Andereas working as a stockbroker. Ms. Halim's parents and siblings continue to live in Indonesia, as does Mr. Andereas' brother.

Ms. Halim testified before the IJ that, on May 13, 1998, the first day of widespread Indonesian riots, she took a taxi home from work to avoid the violence. The taxi driver initially was polite, but when he discovered she is a Christian, he began to drive erratically and would not stop to let her leave the

---

[1] Petitioners' opening brief attaches numerous supporting materials. Our review is confined to the record before the BIA, *see* 8 U.S.C. § 1252(b)(4)(A), and so we have not considered any documents presented on appeal that were not included in the administrative record.

[2] In a footnote, the United States contends that there is no right to pursue a derivative claim for restriction on removal or relief under the CAT, but declines to press the point because Ms. Halim, as the primary applicant, was denied relief on all her claims. Because the United States declines to pursue the issue, we do not address it.

taxi. When he did slow the vehicle, two men jumped in, but the driver was not surprised. The men stated they wanted to rob and kill her, threatened her with a knife, took her handbag, and began to remove her clothing to sexually assault her. She struggled and was able to get out of the taxi. The man with the knife had cut her chin, and as she left the taxi, he cut her on her back. Ms. Halim walked home, and her mother took her to the hospital to have the cuts stitched.

After the attack, Ms. Halim was depressed and anxious. When a neighboring Christian church was bombed in 2000, it spurred the couple to decide to come to the United States. Mr. Andereas also testified that he decided they must leave Indonesia because of Ms. Halim's mental condition, as she was screaming in her sleep. He came to the United States in 2001, and Ms. Halim and Keinada followed a year later. Ms. Halim and Mr. Andereas also have a son, who was born in this country and thus is a United States citizen.

The IJ acknowledged that petitioners did not want to return to Indonesia. He found, however, that Ms. Halim had not been subjected to past persecution and did not establish a well-founded fear of future persecution on account of any of the statutory grounds for asylum. The IJ discounted Ms. Halim's credibility, finding that her testimony did not suffice to establish her eligibility for asylum without corroborating evidence, such as medical records of her treatment for the 1998 attack or letters from her family confirming her account of the attack. He noted that Ms. Halim's parents and eight siblings resided unharmed in Indonesia,

and her husband had never had any problems, undermining the basis for her fears. He also stated that Ms. Halim had not shown that either the government or a governmental official was persecuting her or any other reason why the family could not avoid problems by moving to a predominantly Christian area of Indonesia. Thus, the IJ denied asylum, restriction on removal, and relief under the CAT.

On appeal, the BIA affirmed the finding that Ms. Halim had not shown past persecution or a well-founded fear of future persecution. The BIA particularly agreed that she had not shown why the family could not move to a majority-Christian area. The BIA also noted that the State Department's records indicated that conditions in Indonesia were improving, and that Ms. Halim's parents and siblings continue to reside in Indonesia. Finally, it held that the IJ properly found that Ms. Halim had not satisfied the requirements for relief under the CAT. Accordingly, the BIA dismissed the appeal and denied Ms. Halim's motion for remand. Petitioners now seek review of the BIA's decision.

## ANALYSIS

### A. Standard of Review

Because the BIA issued its own brief single-member order, its decision is the final agency decision that we review. *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006). "[I]n deference to the agency's own procedures, we will not affirm on grounds raised in the IJ decision unless they are relied upon by the

-4-

BIA in its affirmance," but "we are not precluded from consulting the IJ's more complete explanation" of the BIA's grounds for denying relief. *Id.* "Our duty is to guarantee that factual determinations are supported by reasonable, substantial and probative evidence considering the record as a whole." *Sidabutar v. Gonzales*, 503 F.3d 1116, 1122 (10th Cir. 2007) (alteration and quotation omitted).

"In this circuit, the ultimate determination whether an alien has demonstrated persecution is a question of fact, even if the underlying factual circumstances are not in dispute and the only issue is whether those circumstances qualify as persecution." *Hayrapetyan v. Mukasey*, 534 F.3d 1330, 1335 (10th Cir. 2008) (quotation omitted). We may reverse the BIA's decision "'only if the evidence presented by [the alien] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed.'" *Id.* (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)).

**B. Asylum**

"To obtain asylum, an alien must prove, first, that [s]he is a refugee as defined in 8 U.S.C. § 1101(a)(42)(A), and then persuade the Attorney General to exercise his discretion and grant relief under 8 U.S.C. § 1158(b)." *Ba v. Mukasey*, 539 F.3d 1265, 1268 (10th Cir. 2008). Under § 1101(a)(42)(A), a "refugee" is a person outside her country of nationality "who is unable or unwilling to return to, and is unable or unwilling to avail . . . herself of the

protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." Thus, an applicant may establish refugee status by showing past persecution or a well-founded fear of future persecution. *See Hayrapetyan*, 534 F.3d at 1335; 8 C.F.R. §§ 1208.13(b)(1), (2).

### 1. Past Persecution

Petitioners primarily rely on the 1998 assault on Ms. Halim to establish past persecution. But persecution "requires more than just restrictions or threats to life and liberty." *Tulengkey v. Gonzales*, 425 F.3d 1277, 1280 (10th Cir. 2005) (quotation omitted). In *Tulengkey*, we concluded that not every reasonable factfinder would be compelled to find persecution based on two incidents involving a Chinese Christian woman from Indonesia, one in which she was robbed and fondled and one in which she witnessed a Muslim mob attacking a Christian wedding, stealing the food and beating some guests. 425 F.3d at 1280-81. Similarly, in *Sidabutar v. Gonzales*, we concluded that an Indonesian Christian man who had suffered repeated beatings by Muslim classmates and street robberies had not established past persecution. 503 F.3d at 1123-24. Because "[w]e cannot conclude that every reasonable fact-finder would be compelled to find persecution" based on the incident described by Ms. Halim, we cannot disturb the BIA's determination that petitioners have not shown they suffered past persecution. *Tulengkey*, 425 F.3d at 1281.

**2. Well-Founded Fear of Future Persecution**

A well-founded fear of future persecution "must be both subjectively genuine and objectively reasonable." *Id.* The possibility of relocation within the country of origin, however, negates a well-founded fear of persecution, if it is reasonable to expect such relocation. *Id*.; 8 C.F.R. § 1208.13(b)(2)(ii). "Where, as here, the asylum applicant has not shown past persecution and the alleged future persecution is not by a government or a government-sponsored group, the asylum applicant bears the burden of establishing that relocation would be unreasonable." *Tulengkey*, 425 F.3d at 1281; *see also* 8 C.F.R. § 1208.13(b)(3)(i). The BIA found that petitioners had not carried that burden. On appeal, petitioners indicate that they are afraid of living anywhere in Indonesia, but they "point to no evidence that relocation would be unreasonable." *Tulengkey*, 425 F.3d at 1282. Accordingly, "their claim of a well-founded fear of future persecution necessarily fails." *Id.*[3]

**C. Restriction on Removal**

For restriction on removal, petitioners must show their "life or freedom would be threatened" in Indonesia because of their Christian religion and/or Chinese ethnicity. 8 U.S.C. § 1231(b)(3)(A). They can satisfy this standard by

---

[3] Petitioners also assert that they will be persecuted in Indonesia because their son/brother is a United States citizen. We cannot consider this issue because it was not raised before the BIA, and thus petitioners have not exhausted their administrative remedies. *See* 8 U.S.C. § 1252(d)(1); *Sidabutar*, 503 F.3d at 1118.

showing past persecution or that "it is more likely than not" that they would be persecuted in the future. 8 C.F.R. § 1208.16(b)(1)-(2); *see also Sidabutar*, 503 F.3d at 1123-24. But petitioners' failure to establish past persecution or a well-founded fear of future persecution with regard to the asylum claim necessarily constitutes a failure to meet the more stringent burden of proof for restriction on removal. *See Ba*, 539 F.3d at 1271.

**D. Relief Under CAT**

The BIA concluded that petitioners had failed to meet the requirements for relief under the CAT. Petitioners have not established that it is more likely than not that they would be tortured in Indonesia by or with the acquiescence of a governmental official, and thus the BIA's decision is supported by substantial evidence. *See Sidabutar*, 503 F.3d at 1125-26.

## CONCLUSION

Petitioners' implied request to supplement the administrative record with the documents attached to their opening brief is DENIED. The petition for review is DENIED.

Entered for the Court

Jerome A. Holmes
Circuit Judge